1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVELLOUS A. GREENE,

      Plaintiff,               No. CIV S-04-2383 FCD DAD P

     vs.

D. PONTAROLO, et al.,           ORDER AND

      Defendants.         FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a complaint seeking relief

under 42 U.S.C. § 1983, together with a request for leave to proceed in forma pauperis.  The

proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C.

§ 636(b)(1).

        Plaintiff submitted an incomplete application to proceed in forma pauperis.

Pursuant to the court's order requiring him to file a properly completed application, plaintiff filed

a new application that makes the showing required by 28 U.S.C. § 1915(a).  Plaintiff's request

for leave to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $150.00 for this action.  See

28 U.S.C. §§ 1914(a) (prior to amendments effective in 2005) and 1915(b)(1).  The average

monthly balance in plaintiff's trust account during the six months preceding the filing of this

1

1   action was $.34.  The average of monthly deposits to his account during the same time period

2   was $.05.  An initial partial filing fee calculated from these amounts would be the de minimis

3   amount of $.07.  Good cause appearing, the court finds that plaintiff was without funds during

4   the relevant time.  Accordingly, the court will not assess an initial partial filing fee.  See 28

5   U.S.C. § 1915(b)(1).

6           Plaintiff will be obligated to make monthly payments of twenty percent of the

7   preceding month's income credited to his prison trust account.  These payments shall be

8   collected and forwarded by the appropriate agency to the Clerk of the Court each time the

9   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

10  § 1915(b)(2).

11          The court is required to screen complaints brought by prisoners seeking relief

12  against a governmental entity, or against an officer or employee of a governmental entity.  See 28

13  U.S.C. § 1915A(a).  The court must dismiss claims that are legally frivolous or malicious, that

14  fail to state a claim upon which relief may be granted, or that seek monetary relief from a

15  defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).

16          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

17  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

18  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

19  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

20  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

21  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

22  Cir. 1989); Franklin, 745 F.2d at 1227.

23          A claim should be dismissed for failure to state a claim upon which relief may be

24  granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the

25  claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984);

26  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

1    a complaint under this standard, the court generally accepts as true the allegations of the

2    complaint.  Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  However, the

3    court may disregard allegations in the complaint if they are contradicted by facts established by

4    exhibits attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir.

5    1987).  The court need not accept as true conclusory allegations, unreasonable inferences, or

6    unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.

7    1981).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

8    Haines v. Kerner, 404 U.S. 519, 520 (1972).  Accordingly, for screening purposes, the court must

9    construe the pleading in the light most favorable to the plaintiff and resolve doubts in the

10   plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

11              The Civil Rights Act under which this action was filed provides as follows:

12              Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
13           deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
14           law, suit in equity, or other proper proceeding for redress.

15   42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of each

16   defendant and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

17   Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

18              "A person 'subjects' another to the deprivation of a constitutional right, within the

19   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

20   omits to perform an act which he is legally required to do that causes the deprivation of which

21   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory

22   personnel are generally not liable under § 1983 for the actions of their employees under a theory

23   of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

24   link between the supervisory defendant and the claimed constitutional violation must be

25   specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld,

26   589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the

1   involvement of official personnel in civil rights violations will not suffice.  See <u>Ivey v. Board of</u>

2   <u>Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

3            In the present case, plaintiff is now confined at California State Prison-

4   Sacramento.  When plaintiff brought this action, he was confined at High Desert State Prison.

5   The following defendants were employed at High Desert at the relevant times:  D. Pontarolo, a

6   correctional officer; J. Shelton, the sergeant in charge of the receiving and release unit; R.K.

7   Wong, the associate warden in charge of central operations; and T. Felker, the chief deputy

8   warden.  Defendant R. Floto is described as an appeals examiner, and N. Grannis is chief of the

9   inmate appeals branch.

10            Plaintiff's complaint concerns personal property.  Plaintiff alleges the following

11   facts:  On April 26, 2004, he was required to dispose of a hot pot, a Qur'an, a medical book,

12   unspecified legal papers, and other property; the property was held for 45 days to permit plaintiff

13   to obtain funds for mailing the property out of the prison; plaintiff is indigent and failed to obtain

14   the necessary funds within 45 days; at the end of the 45-day period, prison officials deemed the

15   property forfeited; on five previous occasions, prison officials at other CDC institutions had

16   mailed plaintiff's excess property and imposed holds on plaintiff's prison trust account for the

17   cost of the postage.

18            Plaintiff contends that he was denied due process when defendants enforced

19   property restrictions and limitations described in the California Code of Regulations, the

20   Departmental Operations Manual ("DOM"), and High Desert Operations Procedure #606 ("OP

21   #606").  Plaintiff claims that defendants acted illegally because a hot pot is not an appliance, he

22   should not have been deprived of the Qur'an because prisoners are entitled to have five books of

23   a religious canon and he had only one such book other than the Qur'an that was taken; and the

24   medical book was his. Plaintiff argues that defendants committed the state law tort of conversion

25   and deprived him of an interest requiring due process when they held his property for 45 days

26   and then converted the property to their own use forever, instead of sending the property to

1   someone outside the prison.  Plaintiff argues that defendant Pontarolo took plaintiff's Qur'an, hot

2   pot, and medical book without need or provocation, that he acted maliciously and sadistically

3   because plaintiff is a Muslim, and that he acted callously because plaintiff lacked funds in his

4   prison trust account.  Plaintiff asserts that all officials who reviewed his inmate appeal are liable

5   because they were on notice of due process violations and did not correct them.  Plaintiff further

6   argues that the defendants subjected him to unconstitutional conditions of confinement in

7   violation of the Eighth Amendment.

8         Plaintiff seeks a declaration that the relevant provisions of the DOM and OP #606

9   are invalid and that all defendants violated plaintiff's due process rights.  Plaintiff seeks an

10  injunction requiring High Desert officials to (1) return his Qur'an, hot pot, and medical book and

11  allow him to keep them, and (2) arrange for the mailing of plaintiff's excess legal property to the

12  address chosen by plaintiff.  Plaintiff also requests compensatory and punitive damages.

13        Plaintiff's complaint includes copies of his inmate appeal concerning a hot pot

14  and two books.  The exhibits reveal that the three items were confiscated because they were not

15  allowable items at the institution.  Plaintiff had an excessive number of books and was allowed to

16  keep a total of fifteen, as permitted by the applicable rule.  Plaintiff also had an excessive number

17  of appliances, was permitted to choose two, and chose to keep his radio and television.

18  Plaintiff's medical book, which plaintiff explains was sent to him by a friend who worked in the

19  emergency room at a hospital, was confiscated because it was obtained by unauthorized means.

20        The first level appeal response sets out the applicable provisions of High Desert

21  OP #606 as well as the state regulation that applies to nonexpendable property:

22          (c) An inmate shall be permitted to select one o[f] the methods
            listed below for disposing of personal property which is
23          unauthorized pursuant to subsection (b) and sections 3006 and
            3190(c).  If the inmate makes no selection, staff shall document
24          that fact and determine the method of disposition.  (1) Send home
            at inmate's expense.  (2) Donate to a charitable organization.  (3)
25          Donate to the facility.

26  (Compl., Ex. A, First Level Appeal Response at 2 (citing Cal. Code Regs. tit. 15, § 3191.)

1    Section BB of OP #606 permits each inmate to possess any two of the "appliances/items" listed.

2    One of the nine items on the list is "One hot pot (all plastic construction)." (Id. at 1.)  Whether or

3    not a hot pot is an appliance, it is plainly an item on the list of items restricted to two per inmate.

4    Section CC of OP #606 authorizes each inmate to have a total of ten books and magazines and,

5    in addition, "up to five (5) books of a religious canon." (Id. at 2.)  Section W lists the three

6    methods by which an inmate is permitted to acquire personal property:  regular canteen purchase,

7    special purchase, and special purchases by family.  (Id. at 2.)  The second level appeal response

8    sets out the state regulation that requires the warden of each institution to establish a list of

9    personal property items and the maximum amount of such items an inmate may have in his or her

10   possession within the institution.  (Compl., Ex. A, Second Level Appeal Response at 1 (citing

11   Cal. Code Regs. tit. 15, § 3190).)  At each level of plaintiff's appeal, prison officials determined

12   that the property items at issue were appropriately confiscated when plaintiff arrived at High

13   Desert and that no inappropriate action was taken.

14         The Eighth Amendment imposes on prison officials a duty to provide humane

15   conditions of confinement.  Wilson v. Seiter, 501 U.S. 294, 303 (1991); Hudson v. Palmer, 468

16   U.S. 517, 526-27 (1984).  While the "unnecessary and wanton infliction of pain" constitutes

17   cruel and unusual punishment, "[i]t is obduracy and wantonness, not inadvertence or error in

18   good faith," that characterize the forbidden conduct.  Whitley v. Albers, 475 U.S. 312, 319

19   (1986).  To state an Eighth Amendment violation, the plaintiff must allege facts showing that

20   objectively he suffered a sufficiently serious deprivation at the hands of a defendant and that

21   subjectively the defendant had a culpable state of mind in causing the deprivation to occur.  501

22   U.S. at 298-99.  The facts alleged in this case do not demonstrate that any defendant subjected

23   plaintiff to a sufficiently serious deprivation of his right to humane conditions of confinement or

24   that any defendant acted with a culpable state of mind.  For these reasons, the undersigned finds

25   that plaintiff's complaint fails to state an Eighth Amendment claim upon which relief can be

26   granted.  Nor does it appear that plaintiff can cure the defects of his Eighth Amendment claim.

1    The Due Process Clause of the Fourteenth Amendment provides "a guarantee of

2  fair procedure in connection with any deprivation of life, liberty, or property by a state." Mullins

3  v. Oregon, 57 F.3d 789, 795 (9th Cir. 1995) (citing Hewitt v. Helms, 459 U.S. 460, 466 (1983)).

4  In general, interests protected by the Due Process Clause may arise from the Due Process Clause

5  itself or from the laws of the states. Meachum v. Fano, 427 U.S. 215, 223-27 (1976). The

6  Supreme Court has held that property interests are not created by the United States Constitution.

7  Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). Property interests "stem

8  from an independent source such as state law – rules or understanding that secure certain benefits

9  and that support claims of entitlement to those benefits." Id.

10    In the absence of a fundamental right to possess personal property in prison, a

11  prisoner's due process right to such possession can exist only if created by a state law or

12  regulation. California law expressly provides that an inmate's right to own personal property

13  "does not include the right to possess such property within the institutions/facilities of the

14  department." Cal. Code Regs. tit. 15, § 3192.

15    When state law gives rise to an interest protected by the Fourteenth Amendment,

16  prisoners do not have a federal constitutional right to the particular procedures established by

17  state law. Toussaint v. McCarthy, 801 F.2d 1080, 1096-97 (9th Cir. 1986). In the present case,

18  plaintiff's allegations and the exhibits attached to his complaint demonstrate that plaintiff was

19  provided with notice of the intended deprivation of property, was given several options for

20  disposing of property not deemed contraband, was granted 45 days to obtain funds for mailing

21  non-contraband property home, and was permitted to pursue an administrative appeal regarding

22  the intended deprivation. It does not appear that defendants failed to accord plaintiff any process

23  that was due. The undersigned finds that plaintiff's complaint fails to state a federal due process

24  claim upon which relief may be granted. It does not appear that plaintiff can cure the defects of

25  his due process claim.

26  /////

1    Plaintiff's complaint fails to state any federal claim upon which relief can be

2  granted, and it does not appear that plaintiff can cure the defects of any federal claim.  The

3  undersigned will recommend that this action be dismissed.

4    Accordingly, IT IS HEREBY ORDERED that:

5    1.  Plaintiff's December 3, 2004 application to proceed in forma pauperis is

6  granted;

7    2.  Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action.

8  The fee shall be collected and paid in accordance with this court's order to the Director of the

9  California Department of Corrections filed concurrently herewith; and

10    IT IS RECOMMENDED that:

11    1.  Plaintiff's complaint be dismissed without leave to amend; and

12    2.  This action be dismissed for failure to state a claim upon which relief may be

13  granted.

14    The findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

16  days after being served with these findings and recommendations, plaintiff may file written

17  objections with the court.  A document containing objections should be titled "Objections to

18  Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

19  objections within the specified time may, under certain circumstances, waive the right to appeal

20  the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21  DATED: December 20, 2005.

22

23  _____

DALE A. DROZD

UNITED STATES MAGISTRATE JUDGE

24  DAD:13

gree2383.56a

25

26

8