IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVELLOUS A. GREENE,

    Plaintiff,                         No. CIV S-04-2383 FCD DAD P

    vs.

D. PONTAROLO, et al.,

    Defendants.                     ORDER

_____/

        On January 24, 2006, this civil rights action was dismissed for failure to state a federal claim upon which relief can be granted. On the same date, judgment was entered and the case was closed. On February 2, 2006, within ten days after judgment was entered, plaintiff filed a notice of appeal and a motion to vacate judgment.

        In his motion, plaintiff seeks an order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure vacating the judgment entered on January 24, 2006. Plaintiff asserts that his motion is based on the papers and files in this matter and on "the memorandum of law under People v. Mason . . . and People v. Lewis," which appear to be two state law decisions issued in 1958. Plaintiff also refers to California Penal Code § 1265 and petitions for writ of error coram nobis. There is no memorandum of law attached to the motion filed February 2, 2006.

/////

1       A party may file a motion to alter or amend a judgment if the motion is filed
2 within 10 days after entry of the judgment. Fed. R. Civ. P. 59(e). If a timely motion is filed, the
3 time to file an appeal runs from the entry of the district court's order disposing of the motion.
4 See Fed. R. App. P. 4(a)(4)(A). In the present case, plaintiff's notice of appeal is not effective to
5 appeal the January 24, 2006 judgment until this court enters an order resolving plaintiff's timely
6 motion to vacate judgment. See Fed. R. App. P. 4(a)(4)(B)(i). Because plaintiff's notice of
7 appeal is not yet effective, this court has jurisdiction to rule on plaintiff's motion. See Miller v.
8 Marriott Int'l, Inc., 300 F.3d 1061, 1064 (9th Cir. 2002).

9       The court conducted a de novo review of this case on January 23, 2006. All
10 papers and files in this action were considered at that time. Plaintiff's motion advances no
11 arguments, and the citations to state law do not suggest any basis for vacating judgment.

12       Accordingly, IT IS HEREBY ORDERED that:

13       1. Plaintiff's February 2, 2006 motion to vacate judgment is denied; and

14       2. The Clerk of the Court is directed to serve a copy of this order on the United
15 States Court of Appeals for the Ninth Circuit.

16 DATED: February 9, 2006

18       /s/ Frank C. Damrell Jr.
      FRANK C. DAMRELL JR.
19       United States District Judge